**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JIMMY L. MAYE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0845-14-0616-I-1 |
| 　　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: December 2, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jimmy L. Maye</u>, Kinston, North Carolina, pro se.

<u>Patrick Jennings</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), which found that the appellant was overpaid in Federal Employees' Retirement System (FERS) disability benefits, denied his request for a waiver of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

collection of the overpayment, and established a repayment schedule. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant filed a Board appeal, challenging OPM's reconsideration decision, which found that he was overpaid $28,605.44 in FERS disability annuity benefits, denied his request for a waiver, and adjusted the collection schedule such that the appellant would pay $150 per month for 190 months with a final payment of $105.44. *See* Initial Appeal File (IAF), Tab 1; *see also* IAF, Tab 4 at 5-11 (reconsideration decision). As part of the agency's response file submitted prior to the hearing, OPM offered a reduced collection schedule of approximately $125 per month for 228 months with a final payment of $105.44 in settlement of the appeal. IAF, Tab 4 at 4. The agency instructed the appellant to contact them to accept the settlement offer or to return a Financial Resources Questionnaire (FRQ) with an alternate recovery plan. *Id*. The appeal file

contains only one FRQ completed by the appellant in November 2012, indicating a monthly surplus of $500. *Id*. at 20-22.

¶3    The administrative judge held a telephonic hearing, during which the appellant testified that he did not believe that OPM had correctly calculated the overpayment, responded to the administrative judge's questioning that he did not perform his own calculation or analysis, and voiced no specific reason the calculation was incorrect. IAF, Tab 13, Initial Decision (ID) at 3. The appellant repeated his vague argument from the written initial appeal that he is a cancer survivor and heart disease patient and is unable to make the repayments. *See* IAF, Tab 1 at 2; ID at 4. The appellant also testified that he had received OPM's June 2010 notice instructing him not to negotiate his Social Security checks until his FERS benefit had been reduced. *See* IAF, Tab 4 at 56-58; ID at 4. In the initial decision, the administrative judge affirmed OPM's decision, finding that: (1) OPM proved the overpayment by preponderant evidence; (2) the appellant was not entitled to a waiver of the overpayment; and (3) the appellant was not entitled to an adjustment of the repayment schedule. ID at 3-5.

¶4    On review, the appellant submitted a one-page handwritten petition, asserting that he is without fault for the overpayment and that OPM "created this problem" and is obligated to correct errors in the payment of benefits. Petition for Review (PFR) File, Tab 1 at 1. The petition makes brief references to OPM regulations regarding the collection and compromise of debts, as well precedential Board authority regarding the standard for waiving recovery of an overpayment due to unconscionability and OPM delay. *Id*. The agency filed a reply, arguing that the appellant has not submitted any new and material evidence or shown that the administrative judge's decision was based on an erroneous interpretation of statute or regulation. PFR File, Tab 4 at 4. The appellant responded with a conclusory statement that the initial decision was based on an erroneous interpretation of law, statute, and regulation but did not specify the

error.  PFR File, Tab 5 at 2.  He further stated that the administrative judge had incorrectly affirmed OPM's request for 228 monthly payments of $150.  *Id*.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    OPM has the burden of establishing by a preponderance of the evidence the existence and amount of the overpayment.  *Cebzanov v. Office of Personnel Management*, 100 M.S.P.R. 170, ¶ 6 (2005); 5 C.F.R. § 845.307(a).  As noted above, the appellant testified during the hearing that OPM had not properly calculated the amount of the overpayment but provided no specific argument concerning the alleged error.  *See* ID at 3.  On review, the appellant did not repeat his argument about the miscalculation of the overpayment.

¶6    We find that the administrative judge correctly found that OPM proved the existence and amount of the overpayment by preponderant evidence; this finding is supported by the evidence in the record.  In its reconsideration decision affirming the overpayment and denying the appellant a waiver, OPM provided detailed calculations of the appellant's gross interim payments, actual accrued annuity due, and statutorily required reduction to the monthly annuity by any Social Security disability benefit.  IAF, Tab 4 at 5-11.  OPM provided evidence that the claimant was deemed eligible for Social Security disability benefits as of July 1, 2010, with a monthly benefit of $2,017.  *Id*. at 42.  Per 5 U.S.C. § 8452(d)(1), the annuity to which an annuitant is entitled under section 8452 "shall not be less than the amount of an annuity computed under [s]ection 8415," which governs the computation of a basic annuity.  Given the amount of the appellant's monthly Social Security disability benefit in relation to his accrued FERS disability annuity, the appellant's annuity would have been less than that to which he was entitled under 5 U.S.C. § 8415, and thus OPM awarded the amount of the appellant's basic annuity pursuant to 5 U.S.C. § 8452(d)(1).  IAF, Tab 4 at 39 (compare "FERS E Rate" column with "FERS Disability" column); *see id*. at 8.

¶7　　The administrative judge correctly found that the appellant failed to establish his entitlement to a waiver of collection of the overpayment. Under 5 U.S.C. § 8470(b), recovery of an overpayment may be waived when the annuitant is without fault and recovery would be against equity and good conscience. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012). The appellant has the burden of establishing entitlement to a waiver of an overpayment by substantial evidence. *Id.*; 5 C.F.R. § 1201.56(a). Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that he relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances. *Boone*, 119 M.S.P.R. 53, ¶ 5; 5 C.F.R. § 845.303. Although the appellant made vague references to OPM's regulatory authority regarding suspension of debt collection and a debtor's right to request a compromise, he cites to nothing in the regulations that implies a debtor is entitled to such compromise. *See* IAF, Tab 8; PFR File, Tab 1.

¶8　　On review, the appellant cited *Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 549 (1989), for the Board's standard on unconscionability. PFR File, Tab 1. As stated in *Aguon*, the Board has found that the unconscionability criterion is a high standard justifying waiver only under exceptional circumstances. *Aguon*, 42 M.S.P.R. at 549; *see Boone*, 119 M.S.P.R. 53, ¶ 9. In contrast to the various lengthy delays by OPM discussed in *Aguon*, in the present case OPM notified the appellant in April 2012 of the overpayment he received from June 2010 to March 2012, after the agency calculated his accrued annuity due and received information on his entitlement to Social Security disability benefits. IAF, Tab 4 at 28; *see Aguon*, 42 M.S.P.R. at 550. The appellant testified that he received the July 2010 letter from OPM notifying him of the requirement of using any Social Security disability checks to reduce his FERS disability benefits and the requirement that the appellant immediately notify the agency of the award of Social Security benefits. *See* IAF,

Tab 4 at 56-58; ID at 4.  Although the appellant seeks to characterize the July 2010 letter as evidence that OPM knew of the overpayment in 2010, the record does not support such an assertion, and the appellant has presented no evidence or testimony of an egregious delay by OPM in correcting the overpayment.  *See James v. Office of Personnel Management*, 72 M.S.P.R. 211, 218-19 (1996).

¶9          Under the set-aside rule, an annuitant who receives both interim annuity payments and Social Security disability payments is obligated by the principles of equity and good conscience to set aside the money to repay OPM for payments made in excess of the adjusted annuity  amount.  *See* OPM's Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System § I.C.4 (1995), located at IAF, Tab 5 at 15; *see also James*, 72 M.S.P.R. at 217.  On review, the appellant did not dispute the administrative judge's finding that he failed to provide evidence warranting an exception to this rule, and we see no reason to substitute our assessment for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶10         Accordingly, we find that the administrative judge weighed the evidence, reached the correct conclusion under the law, and issued a well-reasoned decision.  We note that the appellant last submitted an FRQ in November 2012 and that the administrative judge correctly found that the appellant provided no evidence or testimony indicating that the repayment schedule imposed a financial hardship sufficient to warrant further adjustment.  ID at 4-5; IAF, Tab 4 at 20-22. Prior to the hearing, the agency offered the appellant a reduced collection schedule of approximately $125 per month for 228 months with a final payment

of $105.44 in settlement of the appeal, but he did not respond to this offer.[2] IAF, Tab 4 at 4. Although the appellant testified to being a cancer survivor and heart disease patient, he provided no evidence or testimony regarding his medical costs. Should the appellant's financial situation change, or his monthly expenses exceed his monthly income, nothing in this final order prevents the appellant from contacting OPM requesting an adjusted repayment scheduled based on an updated FRQ.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] The appellant's assertion on review that the administrative judge affirmed a repayment schedule of $150 per month for 228 months, exceeding the amount of the overpayment, confuses OPM's reconsideration decision and settlement offer prior to the hearing. *See* PFR File, Tab 5 at 2; ID; IAF, Tab 4 at 4-11. The administrative judge affirmed OPM's reduction in monthly repayments from $246.61 to $150 per month without referring to the length of the repayment. ID at 4-5. However, as the initial decision affirms OPM's reconsideration decision, it clearly affirmed the recalculated collection schedule of 190 monthly payments of $150 and a final payment of $105.44 as outlined in the reconsideration decision. ID at 4-5; IAF, Tab 4 at 10.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.